

**Andrew Behlmann**
Partner

One Lowenstein Drive
Roseland, New Jersey 07068

**T**:  (973) 597-2332
**F**:  (973) 597-2333
**E**:  abehlmann@lowenstein.com

July 21, 2023

<u>Via Electronic Filing</u>
The Honorable Christine M. Gravelle
United States Bankruptcy Court
Clarkson S. Fisher U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

**Re:    In re MLS Berkowitz Investments, LLC, Case No. 23-15334-CMG**

Dear Judge Gravelle:

This firm is counsel to MLS Berkowitz Investments, LLC (the "<u>Alleged Debtor</u>"), the alleged debtor in this involuntary chapter 7 case (the "<u>Involuntary Case</u>"). Regrettably, we are compelled to respond to the letter sent to Your Honor last night by counsel for Gerald Metals Sarl, the petitioning creditor ("<u>Gerald</u>").

For the reasons discussed below, the expedited conference Gerald has requested is unnecessary and the request is untimely.

**The Subpoenas**

In connection with its motion for appointment of an interim trustee (the "<u>Interim Trustee Motion</u>") [Dkt. 5], Gerald has served, or attempted to serve, at least three deposition subpoenas (the "<u>Subpoenas</u>") in the last week and a half, on:

- Seth Berkowitz, a principal of the Alleged Debtor,
- Matt Novak, a former employee of the Alleged Debtor, and
- Matt Novak again, ostensibly "as Corporate Representative" of the Alleged Debtor (a designation Gerald is not entitled to make under Rule 45).

The Subpoenas have proposed return dates of July 31 and August 31.

In addition to sending copies of the Subpoenas via e-mail and having them hand-delivered by courier, Gerald's counsel also inexplicably decided to send county constables to deliver redundant copies, including to my office. That is not required under Fed. R. Civ. P. 45(b)(1) and clearly indicates a motive to intimidate and harass. We ordinarily would not raise that issue but, under the circumstances, it is simply additional evidence of Gerald's bad-faith actions in filing and prosecuting the Involuntary Case.

The Subpoenas demand that the putative deponents bring an enormous swath of documents (identified on a two-page-long schedule) to their respective depositions. The expansive list of documents goes far beyond anything even remotely relevant to the Involuntary Case. Gerald is simply attempting to engage in a fishing expedition. As discussed below, the Alleged Debtor intends to move to quash the Subpoenas.

**The Motion to Dismiss and the Interim Trustee Motion**

On July 17, 2023, the Alleged Debtor timely filed a motion to dismiss the Involuntary Case (the "Motion to Dismiss") [Dkt. 11].[1] The Alleged Debtor believes that the filing of the Motion to Dismiss rendered the Interim Trustee Motion moot. As a result, the Alleged Debtor believes the Subpoenas propounded in connection with the Interim Trustee Motion are also moot.

**Next Steps**

The Alleged Debtor's objection to the Interim Trustee Motion is due on July 27. The Alleged Debtor intends to object to the Interim Trustee Motion.

The Subpoenas specify return dates of July 31 and August 1. Those dates have not yet arrived. In the interest of candor, the Alleged Debtor intends to timely move to quash the Subpoenas.

Gerald's concerns more properly belong in its inevitable response to the Alleged Debtor's motion to quash (or, if the proposed return dates pass with no action by the Alleged Debtor, in a motion to compel)—not through an untimely and unnecessary demand for another urgent Friday afternoon teleconference on issues that are not yet ripe.

We are available as needed and appreciate the Court's attention to this matter.

Respectfully submitted,

Andrew Behlmann

Cc:   All counsel of record (via ECF)

---

[1] Gerald asserts that the Motion to Dismiss is "essentially a Motion for Summary Judgment[.]" That is incorrect. If the Alleged Debtor were moving for summary judgment, its assertion would be that there *is no* genuine dispute of material fact. The Motion to Dismiss asserts that there *are multiple* genuine disputes of material fact with respect to Gerald's alleged claim, rendering Gerald ineligible to be a petitioning creditor.