| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>Caption in Compliance with D.N.J. LBR 9004-1 | |
| **LOWENSTEIN SANDLER LLP**<br>Andrew Behlmann, Esq.<br>Colleen M. Restel, Esq.<br>One Lowenstein Drive<br>Roseland, NJ 07068<br>Telephone: (973) 597-2500<br>Email: abehlmann@lowenstein.com<br>Email: crestel@lowenstein.com<br><br>*Counsel to MLS Berkowitz Investments, LLC*<br><br>**GENOVA BURNS, LLC**<br>Daniel M. Stolz, Esq.<br>Scott S. Rever, Esq.<br>Gary N. Marks, Esq.<br>110 Allen Road, Suite 304<br>Basking Ridge, NJ 07920<br>Telephone: (973) 467-2700<br>Email: dstolz@genovaburns.com<br>Email: srever@genovaburns.com<br>Email: gmarks@genovaburns.com<br><br>*Counsel to Gerald Metals Sarl* | **Order Filed on September 7, 2023<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey** |
| *In re*:<br><br>MLS BERKOWITZ INVESTMENTS, LLC,<br><br>                         Debtor. | Chapter 11<br><br>Case No. 23-15334 (CMG) |

### FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER CONFIRMING JOINT CHAPTER 11 PLAN OF MLS BERKOWITZ INVESTMENTS, LLC <u>FILED BY THE DEBTOR AND GERALD METALS SARL</u>

The relief set forth on the following pages, numbered two (2) through nineteen (19), is

hereby **ORDERED**.

**DATED: September 7, 2023**

Honorable Christine M. Gravelle
United States Bankruptcy Judge

44188/2
09/07/2023 214364181.2

Page: 2
Debtor: In re MLS Berkowitz Investments, LLC
Case No. 23-15334 (CMG)
Caption: *Findings of Fact, Conclusions of Law, and Order Confirming Joint Chapter 11 Plan of MLS Berkowitz Investments, LLC Filed by the Debtor and Gerald Metals Sarl*

___

**WHEREAS,** on June 20, 2023 (the "Petition Date"), Gerald Metals Sarl ("Gerald") filed an involuntary petition (the "Involuntary Case") for relief under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") against MLS Berkowitz Investments, LLC ("MLS" or the "Debtor");

**WHEREAS**, on August 3, 2023, MLS and Gerald advised the Court that they had reached a global resolution of the Involuntary Case;

**WHEREAS,** on August 21, 2023, MLS filed the *Motion of the Alleged Debtor to (I) Convert to Voluntary Chapter 11 Case, (II) Waive Certain Requirements, (III) Confirm Joint Plan on Shortened Notice, and (IV) Seal Certain Pleadings* [Dkt. 21] (the "Motion");

**WHEREAS,** on August 21, 2023, MLS and Gerald (together, the "Plan Proponents") filed the *Joint Chapter 11 Plan of MLS Berkowitz Investments, LLC Filed by the Debtor and Gerald Metals Sarl* [Dkt. 23] (the "Plan");[1]

**WHEREAS**, on August 22, 2023, the Court entered the *Order Shortening Time Period for Notice, Setting Hearing and Limiting Notice* [Dkt. 24] (the "Order Shortening Time");

**WHEREAS,** pursuant to the Order Shortening Time, the Bankruptcy Court set a hearing on confirmation of the Plan ("Confirmation") on August 29, 2023 at 1:00 p.m. ET, with objections to confirmation of the Plan to be presented orally at the hearing;

**WHEREAS,** on August 23, 2023, the Debtor served the Motion, Plan, and Order Shortening Time on the Office of the United States Trustee and Gerald, the Debtor's only creditor;

**WHEREAS,** on August 29, 2023, the hearing to confirm the Plan (the "Confirmation

---

[1] Capitalized terms used but not defined in this Confirmation Order have the meanings given thereto in the Plan.

Case 23-15334-CMG    Doc 41    Filed 09/09/23    Entered 09/10/23 00:17:09    Desc Imaged
Certificate of Notice    Page 3 of 20

Page:       3
Debtor:     In re MLS Berkowitz Investments, LLC
Case No.    23-15334 (CMG)
Caption:    *Findings of Fact, Conclusions of Law, and Order Confirming Joint Chapter 11 Plan of MLS Berkowitz Investments, LLC Filed by the Debtor and Gerald Metals Sarl*

_____

Hearing") was held;

**WHEREAS,** the Bankruptcy Court reviewed the Plan, the Motion, and all other pleadings, exhibits, statements, affidavits and declarations regarding Confirmation of the Plan, including all objections, statements, and reservations of rights made with respect thereto, if any;

**WHEREAS,** the Bankruptcy Court heard the statements, arguments, and objections, if any, made by counsel and parties in interest in respect of Confirmation of the Plan;

**WHEREAS,** the Bankruptcy Court considered all oral representations, testimony, documents, filings, and other evidence regarding Confirmation of the Plan;

**WHEREAS,** the Bankruptcy Court overruled all objections to the Plan and Confirmation thereof (if any);

**WHEREA**, the Involuntary Case was converted to a voluntary case under chapter 11 of the Bankruptcy Code on August 30, 2023 (the "Chapter 11 Case"); and

**WHEREAS,** the Bankruptcy Court takes judicial notice of the papers and pleadings filed in the Chapter 11 Case.

**NOW, THEREFORE,** it appearing to the Bankruptcy Court that notice of the Confirmation Hearing and the opportunity for any party in interest to object to Confirmation have been adequate and appropriate as to all entities affected or to be affected by the Plan and the transactions contemplated thereby, that the legal and factual bases set forth in the documents filed in support of Confirmation and presented at the Confirmation Hearing establish just cause for the relief granted herein, and that after due deliberation thereon and good cause appearing therefor, the Bankruptcy Court hereby makes and issues the following findings of fact, conclusions of law, and orders:

Page:       4
Debtor:     In re MLS Berkowitz Investments, LLC
Case No.    23-15334 (CMG)
Caption:    *Findings of Fact, Conclusions of Law, and Order Confirming Joint Chapter 11 Plan of MLS Berkowitz Investments, LLC Filed by the Debtor and Gerald Metals Sarl*

_____

    A.    <u>Findings and Conclusions</u>. The findings and conclusions set forth herein and on the record of the Confirmation Hearing constitute the Bankruptcy Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Bankruptcy Rules 7052 and 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

    B.    <u>Jurisdiction, Venue, Core Proceeding (28 U.S.C. §§ 157(b)(2), 1334(a))</u>. The Bankruptcy Court has jurisdiction over the Chapter 11 Case pursuant to 28 U.S.C. §§ 157 and 1334, and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, dated September 18, 2012 (Simandle, C.J.). Approval of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b) and the Bankruptcy Court has jurisdiction to enter a final order with respect thereto. Venue was proper as of the Petition Date and is proper before the Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409.

    C.    <u>Eligibility for Relief</u>. The Debtor qualifies as a "debtor" under section 109 of the Bankruptcy Code. As such, the Debtor is a proper proponent of the Plan.

    D.    <u>Debtor-in-Possession</u>. The Debtor continues to operate its businesses and manage its properties as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. As of the date hereof, no trustee or examiner has been appointed in the Chapter 11 Case.

    E.    <u>Judicial Notice</u>. The Bankruptcy Court takes judicial notice of the docket of the Debtor's Chapter 11 Case maintained by the Clerk of the Bankruptcy Court, including all pleadings and other documents filed, all orders entered, and all evidence and arguments made,

___

proffered, or adduced at the hearings held before the Bankruptcy Court during the pendency of the Chapter 11 Case.

  F. <u>Burden of Proof</u>. The Plan Proponents have the burden of proving the elements of sections 1129(a) and (b) of the Bankruptcy Code by a preponderance of the evidence. The Plan Proponents have met their burden with respect to each applicable element of section 1129 of the Bankruptcy Code.

  G. <u>Notice</u>. All parties required to be given notice of the Confirmation Hearing (including the deadline for filing and serving objections to Confirmation of the Plan) were served with the Plan and Order Shortening Time and have been given due, proper, timely, and adequate notice in accordance with the Order Shortening Time and in compliance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "<u>Local Rules</u>"), and any applicable non-bankruptcy law, rule, or regulation, and such parties have had an opportunity to appear and be heard with respect thereto. No other or further notice or re-solicitation is required.

  H. <u>Good Faith Solicitation</u>. Based on the record before the Bankruptcy Court in the Chapter 11 Case, the Debtor, its current officers, directors, employees, and agents and their respective attorneys, financial advisors, accountants, and other professionals retained by such persons, and Gerald, its agents, attorneys, financial advisors, and other professionals retained by Gerald have acted in "good faith" within the meaning of section 1125(e) of the Bankruptcy Code in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable non-bankruptcy law, rule, or regulation governing the adequacy of disclosure in connection with all of their respective activities relating to the solicitation of

Page:      6
Debtor:    In re MLS Berkowitz Investments, LLC
Case No.   23-15334 (CMG)
Caption:   *Findings of Fact, Conclusions of Law, and Order Confirming Joint Chapter 11 Plan of MLS Berkowitz Investments, LLC Filed by the Debtor and Gerald Metals Sarl*

---

acceptances to the Plan and their participation in the activities described in section 1125 of the Bankruptcy Code and are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code.

      I.      <u>Voting</u>. Gerald, the Debtor's only creditor, has stipulated to its acceptance of the Plan. Claims in Classes 3 and 4, although not entitled to vote on the Plan, have similarly stipulated to accept the treatment set forth in the Plan. Based on the foregoing, at least one Impaired Class of Claims has voted to accept the Plan in accordance with the requirements of sections 1124 and 1126 of the Bankruptcy Code.

      J.      <u>Releases, Exculpation, and Injunction</u>. The releases, settlements, compromises, exculpations, and injunctions set forth in Article IX of the Plan and implemented by this Confirmation Order are consensual, fair, equitable, reasonable, and in the best interests of the Debtor, its estate and creditors.

      K.      <u>Plan Compliance with the Bankruptcy Code (11 U.S.C. § 1129(a)(1))</u>. The Plan complies with the applicable provisions of the Bankruptcy Code and, as required by Bankruptcy Rule 3016, the Plan is dated and identifies the Debtor and Gerald as the proponents of the Plan, thereby satisfying section 1129(a)(1) of the Bankruptcy Code.

      (i)      <u>Proper Classification (11 U.S.C. §§ 1122, 1123(a)(1))</u>. With the exception of Administrative Claims, U.S. Trustee Fees and Priority Tax Claims, which need not be classified, Article III of the Plan classifies four (4) Classes of Claims against the Debtor. The Claims placed in each Class are substantially similar to the other Claims, as the case may be, in each such Class. Valid business, factual, and legal reasons exist for separately classifying the various Classes of Claims created under the Plan, and such Classes do not unfairly discriminate

6

Case 23-15334-CMG    Doc 41    Filed 09/09/23    Entered 09/10/23 00:17:09    Desc Imaged
Certificate of Notice    Page 7 of 20

Page:       7
Debtor:     In re MLS Berkowitz Investments, LLC
Case No.    23-15334 (CMG)
Caption:    *Findings of Fact, Conclusions of Law, and Order Confirming Joint Chapter 11 Plan of MLS Berkowitz Investments, LLC Filed by the Debtor and Gerald Metals Sarl*

_____

between holders of Claims. Accordingly, the Plan satisfies sections 1122 and 1123(a)(1) of the Bankruptcy Code.

(ii)     <u>Unimpaired Classes Specified (11 U.S.C. § 1123(a)(2))</u>. Article 3.2.1 of the Plan specifies that Claims in Class 1 (Priority Claims) (the "<u>Unimpaired Class</u>") are Unimpaired under the Plan within the meaning of section 1124 of the Bankruptcy Code, thereby satisfying section 1123(a)(2) of the Bankruptcy Code.

(iii)    <u>Specified Treatment of Impaired Classes (11 U.S.C. § 1123(a)(3))</u>. Articles 3.2.2–3.2.4 of the Plan designate Claims in Class 2 (General Unsecured Claims), Class 3 (Subordinated Claims), and Class 4 (Equity Interests) (collectively, the "<u>Impaired Classes</u>") are impaired within the meaning of section 1124 of the Bankruptcy Code and clearly specify the treatment of such Claims in these Classes, thereby satisfying section 1123(a)(3) of the Bankruptcy Code.

(iv)     <u>No Discrimination (11 U.S.C. § 1123(a)(4))</u>. The Plan provides for the same treatment for each Claim in each respective Class thereby satisfying section 1123(a)(4) of the Bankruptcy Code.

(v)      <u>Adequate Means for Plan Implementation (11 U.S.C. § 1123(a)(5))</u>. The Plan provides adequate and proper means for the implementation of the Plan, including, without limitation, (i) the establishment and funding of the Wind Down Estate; and (ii) the procedures for making distributions to holders of Allowed Claims. Accordingly, the Plan satisfies section 1123(a)(5) of the Bankruptcy Code.

(vi)     <u>Prohibition of Issuance of Non-Voting Securities (11 U.S.C. § 1123(a)(6))</u>. Section 1123(a)(6) of the Bankruptcy Code does not apply to the Plan because the

Case 23-15334-CMG    Doc 41    Filed 09/09/23    Entered 09/10/23 00:17:09    Desc Imaged
Certificate of Notice    Page 8 of 20

Page:     8
Debtor:   In re MLS Berkowitz Investments, LLC
Case No.  23-15334 (CMG)
Caption:  *Findings of Fact, Conclusions of Law, and Order Confirming Joint Chapter 11 Plan of MLS Berkowitz Investments, LLC Filed by the Debtor and Gerald Metals Sarl*

_____

Debtor does not propose to issue any non-voting equity securities under the Plan.

(vii)    <u>Designation of Officers, Directors, or Trustees (11 U.S.C. § 1123(a)(7))</u>. Pursuant to the Plan and Wind Down Trustee Agreement, a Wind Down Trustee will be appointed as of the Effective Date to serve as a representative of the estate in accordance with the Wind Down Trustee Agreement. Thus, the requirements of section 1123(a)(7) of the Bankruptcy Code are satisfied.

(viii)   <u>Earnings from Personal Services (11 U.S.C. § 1123(a)(8))</u>. Section 1123(a)(8) of the Bankruptcy Code applies only to individual debtors and is not applicable to the Chapter 11 Case.

(ix)    <u>Impairment/Unimpairment of Classes of Claims and Interests (11 U.S.C. § 1123(b)(1))</u>. As permitted by section 1123(b)(1) of the Bankruptcy Code, pursuant to Article III of the Plan, Claims in the Impaired Classes are Impaired and Claims in the Unimpaired Class, are Unimpaired.

(x)     <u>Assumption and Rejection (11 U.S.C. § 1123(b)(2))</u>. As permitted by section 1123(b)(2) of the Bankruptcy Code and Article VII of the Plan, all Executory Contracts and Unexpired Leases not rejected on or before the date of this Confirmation Order will be deemed rejected as of the Effective Date. The Debtor has exercised reasonable business judgment in determining to reject the Executory Contracts and Unexpired Leases under the Plan. The rejection of each Executory Contract or Unexpired Lease assumed under the Plan shall be binding on the Debtor and each non-Debtor party to each such Executory Contract or Unexpired Lease.

(xi)    <u>Settlement/Retention of Claim or Interests (11 U.S.C. § 1123(b)(3))</u>. The

Case 23-15334-CMG    Doc 41    Filed 09/09/23    Entered 09/10/23 00:17:09    Desc Imaged
Certificate of Notice    Page 9 of 20

Page: 9
Debtor: In re MLS Berkowitz Investments, LLC
Case No. 23-15334 (CMG)
Caption: *Findings of Fact, Conclusions of Law, and Order Confirming Joint Chapter 11 Plan of MLS Berkowitz Investments, LLC Filed by the Debtor and Gerald Metals Sarl*

_____

entry of this Confirmation Order constitutes the Bankruptcy Court's approval of all the compromises and settlements embodied in the Plan, and the Bankruptcy Court's findings shall constitute its determination that such compromises and settlements are in the best interests of the Debtor, its Estate, and all holders of Claims, and are fair, equitable, and well within the range of reasonableness. In concluding that the compromises and settlements contained in the Plan are substantively fair, the Bankruptcy Code considered the following factors: (a) the probability of success of potential litigation compared to the benefit of such compromises and settlement; (b) the likelihood of complex and protracted litigation and the risk and difficulty of collecting on the judgment; (c) the proportion of creditors and parties in interest that support the compromises and settlements; (d) the competency of counsel; and (e) the extent to which the compromises and settlement are the product of arm's length negotiations. The Bankruptcy Code finds that each of these factors weigh in favor of approving the compromises and settlements embodied in the Plan.

(xii)    <u>Additional Plan Provisions (11 U.S.C. § 1123(b)(6))</u>. As permitted by section 1123(b)(6) of the Bankruptcy Code, the Plan includes other appropriate provisions not inconsistent with the applicable provisions of the Bankruptcy Code, including, without limitation, certain release, exculpation, and injunction provisions in Article IX of the Plan. Based upon the facts and circumstances of the Chapter 11 Case, the release, exculpation, and injunction provisions in the Plan, including the releases set forth in Article IX of the Plan, are fair, equitable, and reasonable, are supported by sufficient and valuable consideration, are an integral component of compromises and settlements underlying the Plan, are necessary for the realization of value for stakeholders, are the product of extensive arm's length negotiations, or based on consent, were necessary to the formation of the consensus embodied in the Plan

Case 23-15334-CMG    Doc 41    Filed 09/09/23    Entered 09/10/23 00:17:09    Desc Imaged
Certificate of Notice    Page 10 of 20

Page:       10
Debtor:     In re MLS Berkowitz Investments, LLC
Case No.    23-15334 (CMG)
Caption:    *Findings of Fact, Conclusions of Law, and Order Confirming Joint Chapter 11 Plan of MLS Berkowitz Investments, LLC Filed by the Debtor and Gerald Metals Sarl*

_____

documents, are in the best interests of the Debtor and its Estate and Creditors, and are, in light of the foregoing, appropriate. The failure to implement the release, exculpation, and injunction provisions would seriously impair the Debtor's ability to confirm and consummate the Plan. The Release by Holders of Claims set forth in Article 9.3 of the Plan are consensual. Accordingly, based upon the record of the Chapter 11 Case, the representations of the parties, and/or the evidence proffered or adduced at the Confirmation Hearing, the Bankruptcy Court finds that the release, exculpation, and injunction provisions set forth in Article IX of the Plan are consistent with the Bankruptcy Code and applicable law and are appropriate under the circumstances.

L.    <u>The Plan Proponents' Compliance with the Bankruptcy Code (11 U.S.C. § 1129(a)(2))</u>. Except as otherwise provided for or permitted by order of the Bankruptcy Court, the Plan Proponents have complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules in transmitting the Plan and related documents and notices and in soliciting and tabulating the votes on the Plan. Accordingly, the requirements of section 1129(a)(2) of the Bankruptcy Code are satisfied.

M.    <u>Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3))</u>. The Plan Proponents have proposed the Plan, including all documents necessary to effectuate the Plan, in good faith and not by any means forbidden by law, thereby satisfying the requirements of section 1129(a)(3) of the Bankruptcy Code. The Plan Proponents' good faith is evident from the facts and record of the Chapter 11 Case and the record of the Confirmation Hearing and other proceedings held in the Chapter 11 Case. The Plan itself and the process leading to its formulation provide independent evidence of the Plan Proponents' good faith, serve the public interest, and assure fair treatment of holders of Claims. The Plan was proposed with the legitimate and honest purpose of

Case 23-15334-CMG    Doc 41    Filed 09/09/23    Entered 09/10/23 00:17:09    Desc Imaged
Certificate of Notice    Page 11 of 20

Page:      11
Debtor:    In re MLS Berkowitz Investments, LLC
Case No.   23-15334 (CMG)
Caption:   *Findings of Fact, Conclusions of Law, and Order Confirming Joint Chapter 11 Plan of MLS Berkowitz Investments, LLC Filed by the Debtor and Gerald Metals Sarl*
_____

maximizing the value of the Estate and to maximize distributions to all Creditors. Further, the Plan's classification, indemnification, exculpation, release, and injunction provisions have been negotiated in good faith and at arm's length, are consistent with sections 105, 1122, 1123(b)(3)(A), 1123(b)(6), 1129 and 1142 of the Bankruptcy Code, and are integral to the Plan and supported by valuable consideration.

      N.    <u>Payment for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4))</u>. Any payment made or to be made by the Debtor, or by any other person acquiring property under the Plan, for services or for costs and expenses in or in connection with the Chapter 11 Case, or in connection with the Plan and incident to the Chapter 11 Case, has been approved by, or shall be subject to the approval of, the Bankruptcy Court as reasonable. Accordingly, the Plan satisfies the requirements of section 1129(a)(4) of the Bankruptcy Code.

      O.    <u>Directors, Officers, and Successors (11 U.S.C. § 1129(a)(5))</u>. The Plan does not appoint any officers or directors of the Debtor, except as otherwise set forth in Article 5.4 with respect to the Wind Down Trustee, whose identity and affiliations have been disclosed and whose appointment is consistent with the interests of creditors and equity security holders and with public policy.

      P.    <u>No Rate Changes (11 U.S.C. § 1129(a)(6))</u>. The Plan does not provide for any rate changes over which a governmental regulatory commission has jurisdiction. Accordingly, section 1129(a)(6) of the Bankruptcy Code is not applicable in the Chapter 11 Case.

      Q.    <u>Best Interest of Creditors (11 U.S.C. § 1129(a)(7))</u>. Recoveries pursuant to the Plan are equal to or in excess of those that would be available if the Debtor was hypothetically liquidated pursuant to chapter 7 and, therefore, the Plan satisfies the requirements of section

Case 23-15334-CMG    Doc 41    Filed 09/09/23    Entered 09/10/23 00:17:09    Desc Imaged
Certificate of Notice    Page 12 of 20

Page:       12
Debtor:     In re MLS Berkowitz Investments, LLC
Case No.    23-15334 (CMG)
Caption:    *Findings of Fact, Conclusions of Law, and Order Confirming Joint Chapter 11 Plan of MLS Berkowitz Investments, LLC Filed by the Debtor and Gerald Metals Sarl*
_____

1129(a)(7) of the Bankruptcy Code.

    R.    <u>Acceptance by Certain Classes (11 U.S.C. § 1129(a)(8))</u>. Claims in Class 1 (Priority Claims) are Unimpaired under the Plan and are conclusively presumed to have accepted the Plan without the solicitation of acceptances or rejections pursuant to section 1126(f) of the Bankruptcy Code. Holders of Claims in Class 2 (General Unsecured Claims), Class 3 (Subordinated Claims), and Class 4 (Equity Interests), have stipulated to accept the Plan by at least two-thirds in amount and one-half in number. Accordingly, the Plan satisfies the requirements of section 1129(a)(8) of the Bankruptcy Code.

    S.    <u>Treatment of Administrative Claims, Priority Tax Claims, and Other Priority Claims (11 U.S.C. § 1129(a)(9))</u>. The treatment of Claims under the Plan of the type specified in sections 507(a)(1) through 507(a)(8) of the Bankruptcy Code, if any, complies with the provisions of section 1129(a)(9) of the Bankruptcy Code because Articles II and III of the Plan provides that, except to the extent an entity agrees to less favorable treatment: (i) each holder of an Allowed Administrative Claim shall be paid on the later of (x) the Effective Date, or (y) thirty days after the date on which such Claim become an Allowed Administrative Claim, and (ii) each holder of an Allowed Priority Tax Claim shall be paid, in full, without interest, as soon as practicable after the later of (x) the Effective Date, (y) the date on which such Claim becomes an Allowed Priority Tax Claim. Accordingly, the Plan satisfies the requirements of section 1129(a)(9) of the Bankruptcy Code.

    T.    <u>Acceptance by at Least One Impaired Class (11 U.S.C. § 1129(a)(10))</u>. The requirements of section 1129(a)(10) of the Bankruptcy Code are met with respect to the Plan. Claims in Class 1 (Priority Non-Tax Claim) are Unimpaired under the Plan and are conclusively

Page:     13
Debtor:   In re MLS Berkowitz Investments, LLC
Case No.  23-15334 (CMG)
Caption:  *Findings of Fact, Conclusions of Law, and Order Confirming Joint Chapter 11 Plan of MLS Berkowitz Investments, LLC Filed by the Debtor and Gerald Metals Sarl*

___

presumed to have accepted the Plan without the solicitation of acceptances or rejections pursuant to section 1126(f) of the Bankruptcy Code. Holders of Claims in Class 2 (General Unsecured Claims), Class 3 (Subordinated Interests), and Class 4 (Equity Interests) are Impaired under the Plan and stipulated to accept the Plan. Accordingly, the Plan satisfies the requirements of section 1129(a)(10) of the Bankruptcy Code.

U.  <u>Feasibility (11 U.S.C. § 1129(a)(11))</u>. The Plan satisfies section 1129(a)(11) of the Bankruptcy Code.

V.  <u>Payment of Fees (11 U.S.C. § 1129(a)(12))</u>. Pursuant to Article 2.4 of the Plan, the Debtor is required to pay all statutory fees due and owing to the U.S. Trustee at the time of Confirmation on or before the Effective Date. Accordingly, the Plan satisfies the requirements of section 1129(a)(12) of the Bankruptcy Code.

W.  <u>Only One Plan (11 U.S.C. § 1129(c))</u>. The Plan is the only plan that was brought to the Bankruptcy Court for confirmation in the Chapter 11 Case. Accordingly, section 1129(c) of the Bankruptcy Code is inapplicable in the Chapter 11 Case.

X.  <u>Principal Purpose of the Plan (11 U.S.C. § 1129(d))</u>. The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933 and no governmental entity has objected to the confirmation of the Plan on any such grounds. Accordingly, the Plan satisfies the requirements of section 1129(d) of the Bankruptcy Code.

Y.  <u>Non-Applicability of Certain Sections (11 U.S.C. §§ 1123(c), 1129(a)(13)–(16), 1129(e))</u>. The Debtor is not an individual, a "small business", or a nonprofit entity, and does not owe any domestic support or retiree benefits. Accordingly, sections 1123(c), 1129(a)(14)–(15),

Case 23-15334-CMG    Doc 41    Filed 09/09/23    Entered 09/10/23 00:17:09    Desc Imaged
Certificate of Notice    Page 14 of 20

Page:       14
Debtor:     In re MLS Berkowitz Investments, LLC
Case No.    23-15334 (CMG)
Caption:    *Findings of Fact, Conclusions of Law, and Order Confirming Joint Chapter 11 Plan of MLS Berkowitz Investments, LLC Filed by the Debtor and Gerald Metals Sarl*

_____

and 1129(e) of the Bankruptcy Code do not apply to the Chapter 11 Case.

Z.   <u>Satisfaction of Confirmation Requirements</u>.  Based upon the foregoing, all other pleadings, documents, exhibits, statements, declarations and affidavits filed in connection with Confirmation of the Plan, and all evidence and arguments made, proffered or adduced at the Confirmation Hearing, the Plan satisfies the requirements for confirmation set forth in section 1129 of the Bankruptcy Code.

AA.  <u>Implementation</u>.  All documents and agreements necessary to implement the Plan, and all other relevant and necessary documents, have been negotiated in good faith and at arm's length, do not inappropriately conflict with applicable non-bankruptcy law, and shall, upon completion of documentation and execution, be valid, binding, and enforceable agreements.

BB.  <u>Retention of Jurisdiction</u>.  Pursuant to sections 105(a) and 1142 of the Bankruptcy Code, and notwithstanding the entry of this Confirmation Order or the occurrence of the Effective Date, the Bankruptcy Court, except as otherwise provided in the Plan or herein, shall retain jurisdiction over all matters arising out of, and related to, the Chapter 11 Case and the Plan to the fullest extent permitted by law.

**ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED, DECREED AND DETERMINED THAT:**

1.   <u>Confirmation of the Plan</u>.  The Plan, attached hereto as **<u>Exhibit A</u>**, and each of its provisions, including all exhibits thereto and all exhibits and documents included in the Plan Supplement, shall be, and hereby is, CONFIRMED pursuant to section 1129 of the Bankruptcy Code.  Each provision of the Plan is incorporated by reference into and is an integral part of this Confirmation Order, as if fully set forth herein.

Page:     15
Debtor:   In re MLS Berkowitz Investments, LLC
Case No.  23-15334 (CMG)
Caption:  *Findings of Fact, Conclusions of Law, and Order Confirming Joint Chapter 11 Plan of MLS Berkowitz Investments, LLC Filed by the Debtor and Gerald Metals Sarl*

___

2. <u>Objections Overruled</u>.  All objections, responses to, and statements and comments, if any, in opposition to or inconsistent with the Plan, other than those withdrawn with prejudice or resolved in their entirety prior to, or on the record at, the Confirmation Hearing, shall be, and hereby are, OVERRULED and DENIED in their entirety.  All withdrawn objections are deemed withdrawn with prejudice.

3. <u>Plan Classification Controlling</u>.  Unless otherwise set forth herein, the classifications of Claims for purposes of distributions under the Plan shall be governed solely by the terms of the Plan.

4. <u>Implementation of the Plan</u>.  The Wind Down Trustee, in accordance with the terms and conditions of the Plan and the Wind Down Trustee Agreement, is authorized to (a) execute, deliver, file, and/or record such documents, contracts, instruments, releases, and other agreements, (b) make any and all distributions and transfers contemplated pursuant to, and as provided for in, the Plan, and (c) take such other actions as may be necessary to effectuate, implement, and further evidence the terms and conditions of the Plan.

5. <u>Approval of Wind Down Trustee Agreement</u>.  The Wind Down Trustee Agreement is approved, and the Debtor, Gerald, and the Wind Down Trustee are authorized and directed to execute and perform under the Wind Down Trustee Agreement without further order of the Bankruptcy Court.

6. <u>Approval and Authorization of Wind Down Trustee</u>.  Edwin H. Stier, Esq. is approved as the initial Wind Down Trustee, and is (a) authorized to execute and perform under the Wind Down Trustee Agreement, to appear and be heard before the Bankruptcy Court on all matters relating to the Chapter 11 Case (as a representative of the Wind Down Estate), and to

Case 23-15334-CMG    Doc 41    Filed 09/09/23    Entered 09/10/23 00:17:09    Desc Imaged
                        Certificate of Notice    Page 16 of 20

Page:       16
Debtor:     In re MLS Berkowitz Investments, LLC
Case No.    23-15334 (CMG)
Caption:    *Findings of Fact, Conclusions of Law, and Order Confirming Joint Chapter 11 Plan of MLS Berkowitz Investments, LLC Filed by the Debtor and Gerald Metals Sarl*
_____

present to creditors, other courts of competent jurisdiction, and any other party the Wind Down Trustee Agreement, the Plan, and this Confirmation Order as evidence of his authority and (b) vested with all of the power and authority set forth in the Plan and the Wind Down Trustee Agreement and otherwise as is necessary or proper to carry out the provisions of the Plan and the Wind Down Trustee Agreement, as applicable. Upon the Effective Date, the Wind Down Trustee shall be the sole manager of and authorized signatory for the Debtor and shall be fully authorized to take any action on behalf of, and in the name of, the Debtor.

7. <u>Waiver of Filings</u>. Any requirement under section 521 of the Bankruptcy Code or Bankruptcy Rule 1007 obligating the Debtor to file any list, schedule, or statement (including but not limited to schedules of assets and liabilities and a statement of financial affairs) with the Court or the Office of the U.S. Trustee is permanently waived; *provided, however*, that before the Effective Date, the Debtor shall file (i) a certification explaining the Debtor's ownership and listing the Debtor's employees, if any, and (ii) Schedules D, E/F, and G.

8. <u>Waiver of Section 341 Meeting of Creditors or Equity Holders</u>. Any requirement under section 341(e) for the U.S. Trustee to convene a meeting of creditors or equity holders is permanently waived as of the Effective Date. Any requirement for the U.S. Trustee to hold the initial debtor interview is permanently waived as of the date of this Confirmation Order.

9. <u>BMWFS Claim</u>. The unclassified secured claim of BMW Financial Services NA, LLC ("<u>BMWFS</u>"), in the principal amount of $81,626.53, plus all interest, taxes, fees, and other amounts, if any, owing to BMWFS in connection therewith (collectively, the "<u>BMWFS Claim</u>"), is hereby reinstated without modification or impairment of any kind. Notwithstanding anything

Case 23-15334-CMG    Doc 41    Filed 09/09/23    Entered 09/10/23 00:17:09    Desc Imaged
                        Certificate of Notice    Page 17 of 20

Page:       17
Debtor:     In re MLS Berkowitz Investments, LLC
Case No.    23-15334 (CMG)
Caption:    *Findings of Fact, Conclusions of Law, and Order Confirming Joint Chapter 11 Plan of MLS Berkowitz Investments, LLC Filed by the Debtor and Gerald Metals Sarl*
_____

to the contrary in this Confirmation Order or the Plan, to the extent the auto loan giving rise to the BMWFS Claim is an executory contract, it is <u>not</u> rejected.

10.  <u>Lowenstein Claim</u>.  The Lowenstein Claim is Allowed as an Administrative Claim in the amount of $100,000 held by Lowenstein Sandler LLP pursuant to the Memorandum of Understanding and the Stipulation, and shall be paid from the first proceeds of, and at the closing of, the sale of the Longwood Interest pursuant to the Memorandum of Understanding without prejudice to payment in full by Seth Berkowitz or his Affiliates (other than the Debtor) of all other fees due to Lowenstein Sandler LLP in connection with this Chapter 11 Case, the Involuntary Case, or otherwise.

11.  <u>Payment of United States Trustee Quarterly Fees</u>.  All fees due and payable pursuant to section 1930 of Title 28 of the U.S. Code ("<u>Quarterly Fees</u>") prior to the Effective Date shall be paid by the Debtor on the Effective Date.  After the Effective Date, the Debtor, the Reorganized Debtor, the Wind Down Estate, and the Wind Down Trustee shall be jointly and severally liable to pay any and all Quarterly Fees when due and payable.  The Debtor shall file all monthly operating reports due prior to the Effective, using UST Form 11-MOR.  After the Effective Date, the Wind Down Trustee shall file with the Bankruptcy Court UST Form 11-PCR reports when they become due. The Debtor, the Reorganized Debtor, the Wind Down Estate, and the Wind Down Trustee shall remain obligated to pay Quarterly Fees to the Office of the U.S. Trustee until the earliest of the Debtor's case being closed, dismissed or converted to a case under Chapter 7 of the Bankruptcy Code.  The U.S. Trustee shall not be required to file any Administrative Claim in the case and shall not be treated as providing any release under the Plan.

Case 23-15334-CMG    Doc 41    Filed 09/09/23    Entered 09/10/23 00:17:09    Desc Imaged
Certificate of Notice    Page 18 of 20

Page:        18
Debtor:      In re MLS Berkowitz Investments, LLC
Case No.     23-15334 (CMG)
Caption:     *Findings of Fact, Conclusions of Law, and Order Confirming Joint Chapter 11 Plan of MLS Berkowitz Investments, LLC Filed by the Debtor and Gerald Metals Sarl*

_____

12.   <u>Documents and Instruments</u>.  Each federal, state, commonwealth, local, foreign, or other governmental agency is hereby authorized to accept any and all documents and instruments necessary or appropriate to effectuate, implement, or consummate the transactions contemplated by the Plan and this Confirmation Order.

13.   <u>Conditions to Effective Date</u>.  The Plan shall not become effective unless and until the conditions set forth in Article VIII of the Plan have been satisfied.

14.   <u>Vacatur of Order</u>.  If this Confirmation Order is vacated or deemed vacated, then the Plan shall be deemed null and void in all respects, and nothing contained in the Plan shall (a) constitute a waiver or release of any Claims against or Interests in the Debtor, (b) prejudice in any manner the rights of the holder of any Claim against, or Interest in, the Debtor, (c) prejudice in any manner any right, remedy or claim of the Debtor, or (d) be deemed an admission against interest by the Debtor or any other Entity.

15.   <u>Governing Law</u>. Unless a rule of law or procedure is supplied by federal law (including the Bankruptcy Code and Bankruptcy Rules) or unless otherwise specifically stated, the laws of the State of New Jersey, without giving effect to the principles of conflict of laws, shall govern the rights, obligations, construction, and implementation of the Plan, any agreements, documents, instruments, or contracts executed or entered into in connection with the Plan (except as otherwise set forth in those agreements, in which case the governing law of such agreement shall control).

16.   <u>Applicable Non-Bankruptcy Law</u>.  Pursuant to sections 1123(a) and 1142(a) of the Bankruptcy Code, the provisions of this Confirmation Order, the Plan, and related documents or any amendments or modifications thereto shall apply and be enforceable notwithstanding any

Page:       19
Debtor:     In re MLS Berkowitz Investments, LLC
Case No.    23-15334 (CMG)
Caption:    *Findings of Fact, Conclusions of Law, and Order Confirming Joint Chapter 11 Plan of MLS Berkowitz Investments, LLC Filed by the Debtor and Gerald Metals Sarl*

___

otherwise applicable non-bankruptcy law.

17.  <u>No Waiver</u>.  The failure to specifically include or refer to any particular provision of the Plan in this Confirmation Order will not diminish the effectiveness of such provision or constitute a waiver thereof, it being the intent of the Bankruptcy Court that the Plan is confirmed in its entirety and incorporated herein by reference.

18.  <u>Waiver of Stay</u>.  The requirement under Bankruptcy Rule 3020(e) that an order confirming a plan is stayed until the expiration of fourteen (14) days after entry of the order is hereby waived.  This Confirmation Order shall take effect immediately and shall not be stayed pursuant to Bankruptcy Rules 3020(e), 6004(h), 6006(d), or 7062 or any other applicable rule.

United States Bankruptcy Court
District of New Jersey

In re:  
MLS Berkowitz Investments LLC  
    Debtor

Case No. 23-15334-CMG  
Chapter 11

# CERTIFICATE OF NOTICE

District/off: 0312-3      User: admin      Page 1 of 1  
Date Rcvd: Sep 07, 2023      Form ID: pdf903      Total Noticed: 1

The following symbols are used throughout this certificate:  
**Symbol    Definition**

+      Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Sep 09, 2023:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | + MLS Berkowitz Investments LLC, 17 Country Club Lane, Marlboro, NJ 07746-1447 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**  
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 09, 2023      Signature:      /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on September 7, 2023 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Andrew Behlmann | on behalf of Debtor MLS Berkowitz Investments LLC abehlmann@lowenstein.com |
| Colleen Restel | on behalf of Debtor MLS Berkowitz Investments LLC crestel@lowenstein.com |
| Daniel Stolz | on behalf of Petitioning Creditor Gerald Metals Sarl dstolz@genovaburns.com dstolz@ecf.inforuptcy.com;msousa@genovaburns.com |
| U.S. Trustee | USTPRegion03.NE.ECF@usdoj.gov |

TOTAL: 4